# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KALEN E. L.,

        Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security Administration,

        Defendant.

Case No. 19-CV-375-JED-FHM

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**[1]

Plaintiff was 29 years old on the amended date of alleged onset of disability and 35 on the date of the denial decision under review. She has a high school education and formerly worked as a chief financial officer for a family owned hospice company, as a cashier, and a caregiver. She claims to have been unable to work since the amended onset date of April 1, 2013 as a result of shingles, narcolepsy, obesity, affective mood disorder, and anxiety.

## **The ALJ's Decision**

The ALJ found that the alleged impairments of shingles, narcolepsy, and obesity would have no more than a minimal effect on Plaintiff's ability to perform, work-related activities and were therefore non-severe as that term is defined in the Commissioner's regulations. 20 C.F.R. §§ 404.1522, 416.922. [R. 1165]. The ALJ found that affective mood disorder and anxiety were severe impairments and that Plaintiff retains the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the limitation that she can perform simple tasks with routine supervision, can relate to

---

[1] Plaintiff's application was denied at the administrative level, appealed, and remanded by the district court. The application was denied on remanded, appealed to the district court, and remanded pursuant to the Commissioner's motion. On the latest remand further hearing was held on April 3, 2019. The decision under review was issued on May 13, 2019. [R. 1162-1179].

supervisors and peers on a superficial work basis, can adapt to a work situation and cannot relate to the public.  [R. 1170].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  See *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly evaluate all of her medically determinable impairments; failed to consider the combined effect of severe and non-severe impairments; failed to conduct a proper pain evaluation; and the Commissioner failed to sustain the burden at step five.

### Analysis

Plaintiff argues that the ALJ's decision contains legal error.  Citing *Parker v. Commissioner, SSA,* 772 Fed.Appx. 613 (10th Cir. 2019), Plaintiff asserts that regardless of whether the ALJ's decision is supported by substantial evidence, the case must be remanded if it contains legal error.

### Severity of Impairments

At step two of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments.  That is all that is required of the ALJ at step two. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007).  Once an ALJ finds that a

claimant has at least one severe impairment, a failure to designate others as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016), *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue*, 287 Fed. Appx. 626, 629 (10th Cir. 2008).

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Furthermore, it is Plaintiff's duty to supply evidence of functional limitations. 20 C.F.R. §§ 404.1512, 416.912.

The ALJ found that shingles, narcolepsy, and obesity were not severe impairments. Plaintiff argues that the ALJ committed the legal error of failing to properly evaluate those conditions. The undersigned finds that the ALJ discussed the evidence related to those conditions, properly focused on functional limitations, and adequately stated the basis for

4

her conclusions. [R. 1165-1169]. Plaintiff's arguments do not point to evidence in the record that the ALJ failed to discuss concerning those conditions. Instead, Plaintiff cited general information about the conditions from the Centers for Disease Control (CDC), the World Health Organization (WHO), and the National Institutes for Health (NIH). The information cited is not specific to Plaintiff and Plaintiff does not correlate it to the administrative record. The undersigned finds that Plaintiff has not demonstrated error in the ALJ's step two analysis or findings.

### Combined Effect of Impairments

This issue is related to the previous one. Plaintiff asserts that the ALJ failed to consider the combined effect of all of her severe and non-severe impairments. In particular, Plaintiff argues that the ALJ failed to show that she considered the effect of obesity and narcolepsy. This argument is made without any reference to evidence that obesity and narcolepsy caused or contributed to any functional limitations not already discussed by the ALJ. At most, what Plaintiff has raised is an objection to the ALJ's decision writing style. The Tenth Circuit has counseled that the court should exercise common sense and not insist on technical perfection. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). Further, no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result. *See Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013). Plaintiff has presented no reason to believe that remand might lead to a different result.

### Evaluation of Intensity, Persistence, and Limiting Effects of Symptoms

5

An ALJ is required to evaluate the claimant's statements about the intensity, persistence, and limiting effects of alleged symptoms. Plaintiff calls this the "pain analysis." [Dkt. 13, pp. 9-10]. Social Security Ruling (SSR) 16-3 (2017), 2017 WL 5180304, outlines the process ALJs are required to employ in evaluating such statements to fulfil the ALJ's obligations set out in the Commissioner's applicable regulations, 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR 16-3p states that in evaluating a claimant's symptoms:

> it is not sufficient for our adjudicators to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent."

2017 WL 5180304 at *10. The SSR further states:

> The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*Id.*

Throughout the decision the ALJ pointed out the inconsistencies between Plaintiff's statements about the severity of her symptoms and the medical record, [R. 1168-1169, 1171, 1175]. The court is able to follow the ALJ's reasoning and finds that the ALJ's conclusions are supported by substantial evidence. The ALJ's evaluation of Plaintiff's statements about the intensity, persistence, and limiting effects of her alleged symptoms presents no basis for remand.

**Step Five Analysis**

At step five of the five-step sequential evaluation process, the ALJ determines whether, considering the claimant's RFC, age, education, and work experience there is work the claimant can perform. 20 C.F.R. §§ 404.1520(a)(4), 416.920 (a)(4). It is the Commissioner's responsibility to provide evidence that demonstrates other work exists in the economy that claimant can do. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). Plaintiff argues that the ALJ erred at this step contending that the ALJ's reliance on the vocational expert's testimony was error because the hypothetical questioning of the vocational expert did not relate all of her impairments. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the [Commissioner's] decision." However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).

The undersigned finds no error in the ALJ's formulation of the hypothetical question to the vocational expert. The hypothetical questioning of the vocational expert contained the same work-related functional limitations contained in the RFC which are supported by substantial evidence.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 25, 2020.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 11th day of August, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE