IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KALEN E. L., | ) |
| | ) |
| Plaintiff, | ) Case No. 19-CV-0375-CVE-CDL |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the report and recommendation (R&R) (Dkt. # 20) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff disability benefits. The magistrate judge recommends that the Court affirm the Commissioner's denial of plaintiff's application for benefits. Plaintiff filed a timely objection (Dkt. # 21) to the R&R, and she requests that the Court reject the R&R, reverse the Commissioner's decision, and immediately award plaintiff her benefits. The Commissioner filed a response to the objection arguing that the R&R should be accepted. Reviewing the objection de novo, the Court has considered the administrative record (Dkt. # 11), the parties' briefs, the R&R, and plaintiff's objection, and concludes that the R&R should be accepted, and the Commissioner's determination should be affirmed.

---

[1] Effective July 11, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.

Plaintiff, then a 29-year-old female, originally filed a claim for social security disability benefits under Title II of the Social Security Act on January 4, 2013, alleging disability beginning on September 24, 2012, which she later amended to April 1, 2013. Dkt. # 11, at 15, 1163. Plaintiff claims to have been unable to work since the amended onset date of April 1, 2013, because of shingles, narcolepsy, obesity, affective mood disorder, and anxiety. Id. at 1165. The ALJ denied plaintiff benefits for a third time on May 13, 2019. Id. at 1162-79. Plaintiff's claim for benefits was denied initially on April 3, 2013, and on reconsideration on May 29, 2013. Id. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on March 24, 2014. Id. On July 3, 2014, the ALJ issued a written decision finding that plaintiff was not disabled. Id. at 25. In her first appeal to this Court, the Court found legal error and remanded her case. See Lavender v. Colvin, 15-cv-538-CVE-FHM, Dkt. # 26 (N.D. Okla.); see also Dkt. # 11, at 481-88. Plaintiff had a second hearing in front of the ALJ on August 14, 2017, was denied benefits again on September 25, 2017, and appealed to this Court a second time. Id. at 390, 406. In her second case before this Court, the Court granted the Commissioner's request for a voluntary remand to correct the ALJ's errors. See Lavender v. Berryhill, 17-CV-687-TCK-GBC, Dkt. # 20 (N.D. Okla.); see also Dkt. # 11, at 1207.

After the second remand, the Appeals Council directed the ALJ to offer plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision. Dkt. # 11, at 1163. The ALJ conducted a third hearing on April 3, 2019. Id. at 1162. On July 11, 2019, plaintiff elected to initiate this civil action rather than file exceptions with the Appeals Council. See Dkt. # 2.

## II.

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "It is 'more than a scintilla, but less than a preponderance.'" Newbold v. Colvin, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Martinez v. Barnhart, 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)).

A party's right to de novo review is subject to the Tenth Circuit's "firm-waiver rule," which provides that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059-60 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." Id. at 1060. The Tenth Circuit has applied the firm-waiver rule when the plaintiff's objection to the report and recommendation merely asserted a series of errors without

3

explaining why the magistrate's reasoning was erroneous. See Zumwalt v. Astrue, 220 F. App'x 770, 777-78 (10th Cir. 2007).[2]

### III.

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and therefore entitled to benefits. See 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of establishing a prima facie case of disability at steps one through four." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Hackett v. Barnhart, 395 F.3d 1168, 1171 (10th Cir. 2005)). "Step one requires the claimant to demonstrate 'that he is not presently engaged in substantial gainful activity.'" Id. (quoting Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir.2005)). "At step two, the claimant must show 'that he has a medically severe impairment or combination of impairments.'" Id. (quoting Grogan, 399 F.3d at 1261). "At step three, if a claimant can show that the impairment is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits." Id. (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988)). "If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show 'that the impairment or combination of impairments prevents him from performing his past work.'" Id. (quoting Grogan, 399 F.3d at 1261). If the claimant meets this burden, the analysis continues to step five, where the burden of proof shifts to the Commissioner to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given the claimant's age, education, and work experience. Id. (citing Hackett, 395 F.3d at 1171).

In reviewing the ALJ's decision, the Court may not reweigh the evidence or substitute its judgment for that of the ALJ; the Court's task is to review the record to determine whether the

---

[2] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

ALJ applied the correct legal standard and if her decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

## IV.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful employment since April 1, 2013, the amended alleged onset date. Dkt. # 11, at 1165. At step two, the ALJ found that plaintiff had two severe impairments: affective mood disorder and anxiety disorder. Id. The ALJ reviewed three of plaintiff's other impairments—shingles, narcolepsy, and obesity—but found that those impairments "would have no more than a minimal effect on [plaintiff's] ability to work," and thus were non-severe under the applicable regulations. Id. (citing 20 C.F.R. §§ 404.1522, 416.922). At step three, the ALJ found that plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Id. at 1169.

After evaluating the objective and opinion evidence, along with plaintiff's statements, the ALJ concluded that plaintiff had the RFC to perform a full range of work at all exertional levels with the following limitations: "The claimant can perform simple tasks with routine supervision. She can relate to supervisors and peers on a superficial work basis and adapt to a work situation. The claimant cannot relate to the general public." Id. at 1170. At step four, the ALJ found that

plaintiff could not perform past relevant work. Id. at 1177. However, based on the testimony of a vocational expert (VE), the ALJ found at step five that plaintiff could perform other unskilled work such as machine packager, warehouse worker, and electrical accessories assembler, and the ALJ ultimately concluded that there were a significant number of jobs in the national economy that plaintiff could perform. Id. at 1178.

V.

Plaintiff raised four points of error in her opening brief before the magistrate judge: (1) the ALJ failed to properly evaluate all of plaintiff's medically determinable impairments; (2) the ALJ failed to consider the combined effect of plaintiff's severe and non-severe impairments; (3) the ALJ failed to perform a proper pain analysis; and (4) the ALJ failed to meet the Commissioner's burden at step five. Dkt. # 13, at 2. Plaintiff's objection to the R&R addresses only her second point of error. Dkt. # 21. Thus, the other three have been waived.[3] See 2121 E. 30th St., 73 F.3d at 1060 (stating that objection to magistrate judge's report and recommendation must be specific to preserve issue for de novo review). The Commissioner responded to plaintiff's objection and argued that the Court should accept the magistrate judge's R&R and affirm the ALJ's decision. Dkt. # 22.

In her opening brief, plaintiff argued that the ALJ failed to properly evaluate her nonsevere medical impairments—shingles, narcolepsy, and obesity. Specifically, plaintiff believed the record supported a finding that each of those impairments should have been classified as severe. Plaintiff

---

[3] The Court addresses the waiver of plaintiff's first point of error below, and plaintiff never mentions the third point of error in her objection. As to plaintiff's fourth point of error, plaintiff does vaguely reference that the ALJ failed to meet the Commissioner's burden at step five: "Consequently, because the RFC is deficient, the ALJ failed to meet the Commissioner's step five burden." Dkt. # 21, at 4. However, this general objection is insufficient to preserve de novo review of the magistrate's report and recommendation. See 2121 E. 30th St., 73 F.3d at 1060 (holding that an objection was insufficient where the party sought review based on "the motions, exhibits, testimony[,] briefs, and arguments" already presented to the court (alteration in original)).

made a similar argument in her opening brief relating to the combined effect of her severe and nonsevere impairments. In plaintiff's view, the ALJ ignored the cumulative effect of her shingles, narcolepsy, and obesity, which constitutes reversible error. Dkt. # 13, at 9 (citing Salazar v. Barnhart, 486 F.3d 615, 621 (10th Cir. 2006)).

In addressing plaintiff's argument about the severity of her impairments, the magistrate judge first noted that

> [o]nce an ALJ finds a claimant has at least one severe impairment, a failure to designate others as 'severe at step two does not constitute reversible error because, under the regulations, the agency at later steps 'consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" 20 C.F.R. §§ 404.1521, 416.921; see also 20 C.F.R. §§ 404.1525(e), 416.945(e); Smith v. Colvin, 821 F.3d 1264, 1266-67 (10th Cir. 2016), Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987), Brescia v. Astrue, 287 Fed. Appx. 626, 629 (10th Cir. 2008).

Dkt. # 20, at 4 (second and third alterations in original). The magistrate judge then found that the ALJ discussed the evidence relating to plaintiff's nonsevere conditions, properly focused on the functional limitations stemming from those conditions, and adequately stated a basis for her conclusions. Id. at 4-5. The magistrate judge ultimately concluded that the plaintiff did not show error in the ALJ's step two analysis or findings. Id. In addressing plaintiff's argument about the combined effect of all her impairments, the magistrate judge noted that plaintiff did not reference any evidence showing that her obesity and narcolepsy caused or contributed to any functional limitations that were not discussed by the ALJ. Id. at 5. The magistrate judge concluded that, at most, the ALJ committed a drafting error, and the Tenth Circuit does not require ALJs to achieve technical perfection. Id. (citing Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012)).

7

In her objection, plaintiff abandoned her argument that the ALJ should have found that her shingles, narcolepsy, and obesity were severe at step two.[4] This makes sense considering that any error in this regard would have been harmless since the ALJ found that plaintiff suffered from other severe impairments. See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) (any alleged error at step two is harmless if the ALJ finds other severe impairments and proceeds through the rest of the sequential evaluation and includes all substantiated limitations in the RFC). Instead, plaintiff states that the "presence of substantial evidence does not prevent reversal" if there was legal error, Dkt. # 21, at 1-2 (quoting Parker v. Comm'r, SSA, 772 F. App'x 613, 617 (10th Cir. 2019)), and asserts that the magistrate judge committed legal error by "overlook[ing] the distinction between the ALJ's duty of explanation at both step two and step four." Id. at 2.

In support of her argument, plaintiff cites Wells v. Colvin, 727 F.3d 1061, 1066 (10th Cir. 2013), for the proposition that ALJs cannot rely on their step two findings when formulating limitations at step four. However, Wells is inapplicable here. Wells relates to the ALJ's responsibilities when dealing with mental impairments, which are evaluated differently than physical impairments. For instance, when evaluating a mental impairment, an adjudicator must make specific findings at step two regarding a claimant's functional limitations in various areas. See 20 C.F.R. § 404.1520a ("We have identified four broad functional areas in which we will rate the degree of your functional limitation: Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. See 12.00E of the Listing of Impairments in appendix 1 to this subpart."). Thus, in Wells, the Tenth Circuit held that it was reversible error for an ALJ to find specific limitations in mental function at step two and

---

[4] To the extent plaintiff did not abandon this argument, the Court has reviewed the magistrate judge's recommended disposition of this issue de novo and accepts it in its entirety without further comment.

8

then fail to discuss those limitations when evaluating the claimant's mental RFC. 727 F.3d at 1068-69.

However, there is not this similar requirement to evaluate functional limitations at step two for physical limitations. Accordingly, in this case, the ALJ made no specific findings regarding any limitations that plaintiff's shingles, narcolepsy, or obesity may have caused. To the contrary, she noted that there was no objective medical evidence in the record related to plaintiff's alleged symptoms. See Dkt. 11, at 1168 ("As the above evidence demonstrates, the claimant's alleged shingles, narcolepsy, and obesity has had no more than a minimal effect on her ability to work and are nonsevere. Although the claimant testified that she has outbreaks of shingles two to three times a year that last at least two weeks, the evidence received at the hearing level does not support the alleged severity of this condition."); see also id. at 1169 ("There is no objective medical evidence in the records that would support a finding that the claimant's alleged shingles outbreaks are so contagious that she is unable to appear in public or seek medical attention."). Because the ALJ made no findings about any limitations related to the alleged impairment, the Court finds no reversible error in the ALJ's decision not to include any limitations regarding plaintiff's shingles, narcolepsy, or obesity in formulating her RFC. Put simply, there was no evidence of any meaningful functional limitations to discuss at step four.[5]

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 20) is **accepted**, and the Commissioner's decision denying benefits is **affirmed**. A separate judgment is entered herewith.

---

[5] In fact, plaintiff has never pointed to any evidence, either before the magistrate judge or this Court, that shows her obesity and narcolepsy caused or contributed to any functional limitations not discussed by the ALJ. See Dkt. # 20 at 5.

**DATED** this 23rd day of August, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE